UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:18-cv-53-FDW

| | |
|---|---|
| JOSHUA GLENN MCRAVION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| TIFFANY GENTRY CLINE, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). Plaintiff has been granted in forma pauperis status. (Doc. No. 7).

## I. BACKGROUND

According to the allegations in his pro se Complaint, Plaintiff Joshua Glenn McRavion is a pre-trial detainee, currently incarcerated at Lincoln County Detention Center in Lincolnton, North Carolina.[1] Plaintiff filed this action on March 26, 2018, pursuant to 42 U.S.C. § 1983, naming the following persons as Defendants: (1) Tiffany Gentry Cline, identified as a detective with the Lincolnton Police Department; (2) Dennis Harris, identified as a Sergeant with the Lincolnton Police Department; and (3) Micha J. Sanderson, identified as an Assistant District

---

[1] On September 23, 2016, while in custody at Lincoln County Detention Center, Plaintiff attacked another inmate, and he was subsequently convicted, on June 6, 2017, by a jury of assault with a deadly weapon with intent to kill. Plaintiff was previously incarcerated at Polk Correctional Institution. On July 3, 2018, the North Carolina Court of Appeals reversed the conviction and ordered a new trial for Plaintiff, and he was transferred from Polk back to the Lincoln County Detention Center on July 27, 2018. See State v. Mcravion, 816 S.E.2d 267 (2018). Thus, it appears that Plaintiff is back in custody at the Lincoln County Detention Center, awaiting a new trial on the assault charge.

1

Attorney for Lincoln County. (Doc. No. 1 at 1-2).

Plaintiff's allegations do not clearly articulate exactly what claims Plaintiff purports to bring against Defendants. It appears that he is contending that, in May 2015, Defendants Cline and Harris violated his Fourth Amendments rights by conducting a search of his home without a search warrant, which in turn led to the revocation of his parole status as well as charges for misdemeanor possession of drugs. The North Carolina Department of Public Safety website indicates that on May 11, 2015, Plaintiff was sentenced to up to nine months for violating the conditions of his parole. Plaintiff appears to be arguing that Defendants used the parole revocation and the misdemeanor drug charges to keep Plaintiff in jail so that Defendants could then bring subsequent, more serious criminal charges against Plaintiff, including a charge of assault with a deadly weapon with intent to kill, inflicting serious injury and possession of a firearm. Plaintiff complains that he was then held in custody for two years while the charges were pending, and the charges were finally dropped. Plaintiff identifies the following as the claims he brings in this action: "14th Amendment Equal Protection of Laws; 4th Amendment Rights against Unlawful Searches and Seizures; Obstruction of Justice (G.S. 14-225); N.C. Law of the Land Clause 6th Amendment Speedy Trial; 8th Amendment Cruel and Unusual Punishment, Malicious Prosecution, Wrongful Imprisonment." (Id. at 4). Plaintiff seeks declaratory and injunctive relief, as well as compensatory damages against Defendants. (Id. at 8).

**II.    STANDARD OF REVIEW**

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore,

§ 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III.    DISCUSSION**

Here, Plaintiff appears to be challenging the alleged unlawful search and seizure, which resulted in the revocation of his parole, which then apparently led to further charges against Plaintiff while he was in custody on the parole violations. To the extent that Plaintiff is seeking damages based on the revocation of his parole, that claim is barred by the reasoning of Heck v. Humphrey, 512 U.S. 477 (1994), in which the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such [a] determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28

U.S.C. § 2254." 512 U.S. 477, 486-87 (1994) (footnote omitted). Nevertheless, because Plaintiff is no longer in custody pursuant to his parole revocation, it appears that he can no longer bring a habeas corpus action under 28 U.S.C. § 2254. Therefore, he does not appear to be barred by Heck from bringing a Section 1983 action.

The Court further notes that, to the extent that Plaintiff has named as a Defendant the prosecutor who brought the charges against him, Defendant Sanderson is entitled to absolute prosecutorial immunity for actions taken while performing traditional prosecutorial duties. See Imbler v. Pachtman, 424 U.S. 409 (1976). It appears, then, that Defendant Sanderson may be entitled to immunity. Nevertheless, because Plaintiff's claims are not entirely clear to the Court, the Court will allow this action to survive initial screening so that the parties may submit arguments in further pleadings as to the validity of Plaintiff's claims.

### IV. CONCLUSION

For the reasons stated herein, this matter survives initial screening.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint survives initial review under 28 U.S.C. § 1915(e).

2. Plaintiff submitted only one summons form for all three Defendants. The Clerk shall therefore send Plaintiff three summons forms so that Plaintiff may fill out a form for each Defendant and return them to the Court. Once the Court receives the summons forms, the U.S. Marshal shall effectuate service on Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.

Signed: August 22, 2018

Frank D. Whitney
Chief United States District Judge